### Frederic W. Paine *et al.* Executors &c. *versus* William Drury.

Where an executor, supposing the estate of his testator to be solvent, paid in full a debt due from the estate, it was *held*, that he could not, upon such estate proving to be insolvent, recover any portion of the sum so paid, from a surety of the testator, it not having been paid at the request of the surety : although, if the executor had not paid it, the surety would have been compelled to do so, and would have had his remedy over against the estate for a dividend only.

By an agreed statement of facts, it appeared, that this actiʻ was brought by the plaintiffs, as executors of Abel Drury that, previously to the death of the testator, a promissory note made by the defendant, as principal, and the testator and Francis Thaxter as sureties, was given to John Drury, for money borrowed of him, the sum of $ 300 being received by the defendant, and the sum of $ 200 by the testator, when the loan was effected ; that after the death of the testator, the plaintiffs, supposing his estate to be solvent, paid the sum of $ 200 with interest, and the defendant paid the sum of $ 300 with interest, and the note was taken up ; that at the death of the testator, the Quinsigamond bank held a note signed by him as principal, and the defendant as surety, jointly and severally, for the sum of $ 500, on which $ 250 had been paid by the testator ; that the plaintiffs also paid the balance of this note ; and that this action was brought to recover the sums so paid by them.

It further appeared, that the estate was represented to be insolvent, and that the commission of insolvency had closed ; and that the estate had proved to be actually insolvent, but to what extent, could not yet be ascertained.

If the Court should be of opinion, upon these facts, that the plaintiffs were entitled to recover, judgment was to be rendered in their favor, for such sum as should be determined upon by the Court ; otherwise, the plaintiffs were to become nonsuit.

*Oct.* 10*th.*      *Newton* and *Conant*, for the plaintiffs, said that if the executors had been aware of the testator's estate being insolvent, they would not have paid these debts, and in that case the defendant would have been compelled to pay them in full, having

nis remedy over against the estate for a dividend; that the plaintiffs sc ught to recover the difference between the sums paid and the amount of the dividend, as so much money paid by mistake to the use of the defendant and at his implied request; and that upon paying this difference, the defendant would be in no worse situation than if he had paid the debts in full before the commission of insolvency was closed. *Walker v. Hill,* 17 Mass. R. 380; *Exall v. Partridge,* 8 T. R. 308; *Colley v. Streeton,* 2 Barn. & Cressw. 273.

*Washburn,* for the defendant, cited *Austin v. Henshaw,* 7 Pick. 46; *Walker v. Bradley,* 3 Pick. 261; *Price v. Neal,* 3 Burr. 1354; *Smith v. Mercer,* 6 Taunt. 76; *Taylor v. Hare,* 4 Bos. & Pul. 260.

PUTNAM J. afterward drew up the opinion of the Court. We are all of opinion, that the plaintiffs cannot maintain this action. The holders of the notes were entitled to the money which they have received; and the defendant has not requested the plaintiffs to pay any thing for him, or on his account. In regard to the note for $500, which is first mentioned in the statement of facts, the money borrowed was, at the time of the transaction, divided between the defendant and the plaintiff's testator, viz. $300 to the former, and $200 to the latter. In that proportion the parties were equitably bound to contribute towards the payment, notwithstanding the terms of the note; and after the death of Abel, the testator, the executors paid the $200, which the testator should have paid, and the defendant paid the $300 which he was to pay; and the note was taken up.

But the estate of Abel, contrary to the expectation of the plaintiffs, proved to be insolvent; and they now call upon the defendant to pay the difference between the full sum they have paid, and the amount of the distributive share of the estate of their testator. This was a voluntary payment by the executors, of what Abel ought to have paid. If Abel had paid it himself, it is very clear that he could have no legal or equitable remedy against William; because each would have paid just what he was liable to pay; and the executors are not in a better situation to recover any thing of the defendant on account of money

paid upon that note, than Abel himself would be, if he were living and had paid it himself.

And the case is equally clear for the defendant on the second note mentioned in the report. In *that*, Abel was principal, and William, the defendant, was surety. If the principal had paid the debt, it would be doing just what he ought to have done. Nobody could pretend, that he had any legal or equitable claim on William, the surety, for contribution or assistance. Now the executors of the principal have paid just what the principal ought to have paid ; and they have no right to reclaim any part of it from the defendant, the surety. The plaintiffs paid voluntarily and without any request by the defendant. It is true that the executors of Abel might have lain by, and that the bank might have sued the defendant, the surety, and compelled him to pay the debt ; and in such case, the defendant could have had his remedy under the commission, as in the other case. But the executors did not do so ; they volunteered, without the defendant's request, to pay the money.

The cases cited for the plaintiffs do not sustain this cause. In *Exall v. Partridge*, 8 T. R. 308, the plaintiff was compelled to pay the rent, in order to get back his goods which had been legally distrained on the premises for non-payment of the rent. It was the duty of the tenant to have paid the rent and relieved the plaintiffs' goods. But it was not the duty of the surety to pay the debt of the principal ; the duty was right the other way.

So in the case of *Colley v. Streeton*, 2 Barn. & Cressw. 273, the superior landlord had required the plaintiffs, who were his tenants, to repair, under threat of an ejectment. The defendants were sub-lessees, and came under an obligation to repair, and were notified by the plaintiffs, that they, the plaintiffs, would repair if the defendants did not. The defendants refused ; and the plaintiffs were compelled to repair for the preservation of their term. But there are no circumstances in the case at bar, from which a promise may be raised or implied by law, on the part of the defendant, to repay. The plaintiffs could not make themselves creditors of the defendant without his consent, express or implied. Here is neither. And we are all clearly of opinion, that the plaintiffs must be nonsuit.